# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                        BKY No. 17-41184

Ruby Red Dentata, LLC,

      Debtor.

### DECLARATION OF MATTHEW D. SWANSON

I, Matthew D. Swanson, declare under penalty of perjury, that:

1. I am one of the attorneys representing the Trustee, Randall L. Seaver, in the above captioned case.

2. Attached hereto is a true and correct copy of an amended Commercial Purchase Agreement between the bankruptcy estate and North Fourth Minneapolis, LLC, executed by the buyer on October 4, 2019.

                                                                                     FULLER, SEAVER & SWANSON, P.A.

Executed on October 7, 2019                 /e/ Matthew D. Swanson_____
                                                                                 Matthew D. Swanson        390271
                                                                                 12400 Portland Avenue South, Suite 132
                                                                                 Burnsville, MN 55337
                                                                                 (952) 890-0888

                                                                                 Attorneys for Trustee

# COMMERCIAL PURCHASE AGREEMENT

This Commercial Purchase Agreement (the "**AGREEMENT**") dated as of October 4, 2019 by and between Randall L. Seaver, as Trustee of the Ruby Red Dentata, LLC bankruptcy estate, (the "**SELLER**") at Fuller Seaver & Swanson, PA, 12400 Portland Avenue South, Suite 132, Burnsville, MN 55337, a Professional Association and North Fourth Minneapolis, LLC, a Minnesota limited liability company (the "**BUYER**") at 5115 Excelsior Boulevard, No 231, Minneapolis, MN 55416, a Minnesota Limited Liability Company; and is an asset purchase agreement.

1. **Sale Price and Earnest Money.** Buyer has escrowed the sum of Thirty-Seven Thousand Five Hundred Dollars and No Cents Dollars ($37,500) as both earnest money and in full payment for the purchase of property at 20 North Fourth Street, 327 1st Avenue North and 28 North 4th Street, Minneapolis, MN 55401, situated in the County of Hennepin, State of Minnesota and legally described as follows:

    **Lots 10, 11 and 12, Auditor's Subdivision, No 152, Hennepin County, MN.**

    together with the following personal property:

    All of the personal property including furniture, fixtures and equipment, supplies, materials and inventory, and HVAC components and systems that are not otherwise fixtures

    Together with all of the Seller's rights claims and interests in the following leases and causes of action:

    a) That certain lease agreement, and all of the lessor's rights claims, interests and demands under the lease dated January 2, 2018, between Ruby Red Dentata, LLC, as landlord and Brewer Nelson Entertainment, LLC, as tenant; and including the lease guarantee by Ms. Freedom Brewer, and;

    b) That certain lease agreement, and all of the lessor's rights claims, interests and demands under the lease dated September 18, 2015, between Ruby Red Dentata, LLC, as landlord and D12 Ventures, LLC., as tenant; and including the lease guarantee by Mitchell E. Spargur and the related rights and claims of the plaintiff in Hennepin County District Court File No.: 27-CV-16-15530, in the matter of Ruby Red Dentata, LLC v. Mitchell E. Spargur and D12 Ventures, LLC, Filed October 21, 2016; and

    c) That certain lease agreement, and all of the lessor's rights claims, interests and demands under the lease dated March 8, 2009, between Ruby Red Dentata, LLC, as landlord and Salemh Investment, Inc. dba Happy Days Market , as tenant; and including the lease guarantee by Mr. Gamal Hamed and the related rights and claims of the plaintiff in Hennepin County District Court File No.: 27-CV-16-17113, in the matter of Ruby Red Dentata, LLC. V. Gamal Hamed and Salemh Investment, Inc. filed November 23, 2016.

The foregoing leases and related claims (a-c above), are sometimes collectively referred to as the ("**LEASE CLAIMS**"). The Real Property and Personal Property and the Lease Claims are sometimes collectively referred to as the ("**PROPERTY**"), all of which the undersigned agrees to sell to Buyer for the sum of Thirty-Seven Thousand Five Hundred Dollars and No Cents ($37,500), which Buyer agrees to pay in the following manner: Earnest money herein paid $37,500 on August 2, 2019 to be released at closing.

2. **Deed/Marketable Title.** Subject to performance by Buyer, Seller agrees to execute and deliver a recordable Trustee Quit Claim Deed conveying marketable title to the Property subject to the following exceptions:
   a. Building and zoning laws, ordinances, State and Federal regulations;
   b. Restrictions relating to use or improvement of the premises without effective forfeiture provision;
   c. Reservation of any minerals or mineral rights to the State of Minnesota;
   d. Utility and drainage easements which do not interfere with present improvements;
   e. Liens, mortgages, and encumbrances of record, including those identified in Exhibit 1 to this Agreement;
   f. Rights of tenants as follows:
      i. The Lease Claims and access to offices, reception area, media and conference rooms, kitchen, lavatory and laundry, storage, closets and areas of ingress and egress.

3. **Court Approval.** This Agreement is subject to the approval of the United States Bankruptcy Court. The parties shall use their best efforts and cooperate with one another to obtain court approval as promptly as possible; but in any event, in sufficient time to close on or before November 25, 2019. The parties shall seek approval of the court as a sale free and clear of all interests under 11 U.S.C. §363(f), subject to the exceptions stated above. Without limiting the foregoing, the sale shall be free and clear of claims, rights and interests of:

   i. All rights, claims and interests of Mr. Roman Gadaskin arising out of original Purchase Agreement dated March 29, 2018, and as agreed to by Addendum to Commercial Purchase Agreement and Counter Offer dated April 26, 2018 and Buyer executed as at April 30, 2018, as buyer of the Property, and;

   ii. All rights, claims and interests of Common Ground Real Estate Investors, LLC and 3121 North Racine, LLC and Mr. Brandon Karow and Mr. Jeffrey A. Dow, arising out of a purchase agreement dated August 2, 2018, for the portion of the Property located at 20-22 North 4th Street, Minneapolis, MN 55401, legally described as Lot 12, Auditor's Subdivision No. 152, Hennepin County, Minnesota, Torrens Property, but not including 327 1st Avenue North.

   If court approval is not obtained on or before November 15, 2019, or if the court does not approve the sale, this Agreement shall terminate automatically, of its own accord; and the escrow agent shall return the Buyer's earnest money deposit to the Buyer.

4. **Real Estate Taxes and Special Assessments, Deed Tax.** The Buyer shall pay all real estate taxes and special assessments. Seller shall pay the deed tax required by Minnesota Statutes chapter 287.

5. **Allocation of Past Due Operating Expenses.** The Seller is responsible for the expense of the insurance he has placed on the real property through the Closing Date, after which the Buyer shall be responsible for obtaining her own insurance and bears the expense of such insurance. The Trustee also agrees to pay, in aggregate, a total of $2,000.00 toward any outstanding invoices relating to utilities or other maintenance related expenses invoiced to maintain the Real Property prior to the Closing Date; if the outstanding invoices for utilities or other maintenance related charges incurred prior to Closing exceed the aggregate sum of $2,000.00, the amount in excess of $2,000.00 is the responsibility of the Buyer.

6. **Damage to the Property.** If there is any loss or damage to the Property between the date hereof and the date of Closing, the risk of loss shall be on Seller. If the Property is destroyed or substantially damaged before the Closing, Seller shall cause the damage to Property to be repaired.

7. **Title Insurance.** Buyer shall, as promptly as possible obtain:
   a. A commitment for an owner's policy of title insurance on a current ALTA form issued by Old Republic National Title Insurance Company, an insurer licensed to write title insurance in Minnesota.
   b. Buyer shall pay for the title insurance premium for an owner's policy, together with the costs for any endorsements or other coverage requested by Buyer.
   c. If Buyer is unable to obtain reasonable assurance that it can obtain insurable title as of the date of closing (subject to the exceptions stated in Section 2) within fifteen days after execution of this Agreement, Buyer may cancel this Agreement and obtain its earnest money back.

8. **Escrow; Closing.** Commercial Partners Title, 200 South Sixth Street, Suite 1300, Minneapolis, MN 55402, shall act as escrow agent to hold the Buyer's earnest money deposit and as closing agent to close this purchase and sale transaction. At closing the Buyer shall deliver the purchase price by releasing the earnest money deposit from escrow; and the Seller shall deliver a trustee's quit claim deed in form and substance reasonably satisfactory to the Buyer and its counsel and sufficient to convey fee title subject to the permitted encumbrances. The parties shall each deliver such other and additional documents and instruments as may be reasonably requested by the other party or the escrow agent. The Seller shall deliver possession to the Buyer as of the date and time of closing.

9. **Time.** Time is of the essence for all provisions of this contract.

10. **Survival.** All of the warranties, representations and covenants of this Agreement shall survive and be enforceable after the Closing.

11. **Successors and Assigns.** All provisions of this Agreement shall be binding on the Buyer's and Seller's successors and assigns.

12. **Acceptance Deadline.** This offer to purchase, unless accepted sooner, shall be null and void at 11:59 p.m. October 9, 2019. If this offer becomes void, all earnest money will be refunded to Buyer.

13. **Representation.** Neither party is represented by a realtor in connection with these transactions.

14. **Condition of Property.** The Property is being sold as is/where is, without any representations as to condition.

15. **Entire Agreement.** This Agreement constitutes the complete agreement between the parties and supersedes any prior oral or written agreements between the parties regarding the Property. There are no verbal agreements that change this Agreement. No waiver of any of the terms of this Agreement will be effective unless in writing executed by the parties.

**IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the day and year first set forth above.**

| Seller: Randall L. Seaver, Trustee | Buyer: North Fourth Minneapolis, LLC. |
|---|---|
| By_____ Date ____ | By _____*TB Brill*_____ Date 10/4/2019<br>DocuSigned by: BBC72BF7863A448... |
| Randall L. Seaver, Trustee | Toby B. Brill, its Chief Executive Member |

Page 4

# EXHIBIT 1
# LIENS AND ENCUMBRANCES

| Type of Lien | Date Filed | Amount | In Favor Of |
|---|---|---|---|
| Mortgage | 04/25/2007 | $400,000.00 | Harvest Bank f/k/a State Bank of Kimball |
| Corrective Mortgage | 09/25/2009 | $359,000.00 | Toby B. Brill (correcting Doc.#T4689000) |
| Atty. Lien | 12/10/2009 | $ 22,990.45 | Saliterman & Siefferman, P.C. |
| Mech. Lien | 03/22/2012 | $  8,322.00 | Sternberg Electric Service, Inc. |
| Atty. Lien | 9/10/2012 | $  7,378.30 | Arthur D. Walsh |
| Judgment | 02/02/2015 | $  5,660.50 | Nickolaus Mulcahy |
| Judgment | 06/03/2016 | $ 11,382.04 | Arthur D. Walsh |
| Judgment | 11/02/2016 | $  3,750.00 | Asa-Azriel F. Rice |